**United States District Court**
For the Northern District of California

1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                   NORTHERN DISTRICT OF CALIFORNIA

7

8   F.G. CROSTHWAITE, *et al.*                No. C-11-2632 EMC

9             Plaintiffs,

10        v.                               **ORDER RE PLAINTIFFS' MOTION**
                                           **FOR SUMMARY JUDGMENT –**
11  JORGE EDGARD QUINONES,                 **DAMAGES**

12            Defendant.                   **(Docket No. 31)**
    _____/

13

14

15        Plaintiffs are a local union (Operating Engineers Local Union No. 3 of the International

16  Union of Operating Engineers, AFL-CIO) and the trustees for the following trust funds: the

17  Operating Engineers' Health and Welfare Trust Fund; the Pension Trust Fund for Operating

18  Engineers; and the Pensioned Operating Engineers' Health and Welfare Fund (collectively, the

19  "Trust Funds").  Previously, the Court granted in part and denied in part Plaintiffs' motion for

20  summary judgment against Defendant Jorge Edgard Quinones, doing business as Professional

21  Construction Services ("PCS") (also known as PCS Construction).  *See* Docket No. 57 (order).

22        In compliance with the Court's order, Plaintiffs provided supplemental briefing on the

23  damages incurred.  Mr. Quinones did not file a response to the supplemental briefing, although such

24  was expressly permitted by the Court.  Taking into account Plaintiffs' supplemental papers as well

25  as the lack of an opposition by Mr. Quinones, the Court concludes that the damages requested by

26  Plaintiffs, with one exception, are reasonable and appropriate.

27        The exception is the attorney's fees requested by Plaintiffs.  As a preliminary matter, the

28  Court notes that, previously, it deferred awarding attorney's fees because the case had not been

**United States District Court**
For the Northern District of California

disposed of in its entirety.  As Plaintiffs have now stated that they do not intend to pursue the remainder of the case, *i.e.*, that part on which the Court did not grant summary judgment, an award of attorney's fees is now proper.  The Court finds that the hourly rates of counsel and staff are reasonable.  The Court also finds that the number of hours incurred are reasonable, except as to the number of hours claimed for efiling and service of the motion for summary judgment and in connection with preparation for and attendance at the hearing.  Plaintiffs represent that their attorneys billed a total of $3,882.50 for this service.  *See* Docket No. 60 (Stafford Decl. ¶¶ 8-10).  Based on a rough hourly rate of $200, this means that Plaintiffs seek compensation for more than 19 hours of time.  This number of hours is excessive in relation to the services performed.[1]  The Court finds that, for the services performed, counsel should not have exceeded the 6 hours of anticipated time.  Accordingly, the Court awards attorney's fees in the amount of $16,818.[2]

Accordingly, the Court hereby awards Plaintiffs damages in the following amounts:

(1)   $178,711.53 in unpaid contributions, liquidated damages, and interest;

(2)   $2,696.24 in audit fees;

(3)   $16,818 in attorney's fees; and

(4)   $732.03 in costs.

The total awarded is **$198,957.80**.[3]  The Court orders the Clerk of the Court to enter final judgment in accordance with this opinion and close the file in this case.

IT IS SO ORDERED.

Dated:  July 24, 2012

_____
EDWARD M. CHEN
United States District Judge

---

[1] The Court emphasizes that the services did *not* include the preparation of either the briefing for the motion for summary judgment (completed on May 31, 2012) or the supplemental briefing requested by the Court (filed on June 25, 2012, and July 12, 2012).

[2] $14,120.50 + $1,030 + $1,667.50 = $16,818.  In essence, the Court is deducting only $2,792.50 from the fee request.

[3] Plaintiffs' motion to expedite is essentially moot in light of this order.